[686 NYS2d 839]

In the Matter of SEAN GEOGHAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 22, 1999

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn, for petitioner.

*LaRossa, Mitchell & Ross,* New York City (*Michael S. Ross* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The petition asserts seven charges of professional misconduct

against the respondent. In his answer, the respondent admitted 23 of the 24 factual allegations contained in the petition and admitted that he was guilty of three of the charges. In mitigation, he claimed that his conduct was caused, in part, by the effects of alcohol. After a hearing, the Special Referee sustained all seven charges of professional misconduct against the respondent. The Grievance Committee now moves to confirm the Special Referee's report. The respondent cross-moves to confirm the Special Referee's report insofar as it sustains Charges One, Two, Three, Four, and Seven, and to disaffirm the report insofar as it sustains Charges Five and Six. In addition, the respondent argues that the sanction imposed should be limited to a public censure.

All of the charges are based on the following factual allegations:

1. On or about July 24, 1996, Thomas Fursa, an acting sergeant in the New York City Police Department, participated in the arrest of Anthony Mason, a professional basketball player.

2. Based on the complaint of Sergeant Fursa alleging that he was assaulted and injured by Mr. Mason during the arrest, Mr. Mason was charged with assault in the second degree, a class D felony, pending a Grand Jury presentation.

3. On or about July 29, 1996, the respondent agreed to represent Sergeant Fursa in a civil action against Mr. Mason based on the injuries he purportedly sustained in arresting Mr. Mason.

4. The respondent indicated to Sergeant Fursa that the criminal charges would serve as leverage or as a bargaining chip to resolve his civil action against Mr. Mason.

5. Sergeant Fursa agreed that he would pay the respondent a legal fee of one third of the net sum recovered by him.

6. On or about August 1, 1996, a written retainer agreement embodying the terms of the respondent's compensation was prepared and executed.

7. The respondent failed to timely file the written retainer statement with the Office of Court Administration, as required by 22 NYCRR 691.20 (a).

8. In discussing his injuries with the respondent, Sergeant Fursa indicated that his shoulder was very sore, that his range of motion was restricted, that he was participating in a program of physical therapy to deal with the injury, and that

he had been out sick for approximately one week to 10 days following Mr. Mason's arrest.

9. On or about July 31, 1996, the respondent sent a letter to Mr. Mason, informing him that he was retained by Sergeant Fursa to pursue a civil suit against him. The respondent suggested that Mr. Mason have his attorney contact him.

10. The letter was returned to the respondent by the Postal Service.

11. On or about August 16, 1996, the respondent sent a letter to Thomas J. Sinnickson, Mr. Mason's attorney, informing him that he was retained to pursue Sergeant Fursa's claim for damages.

12. In or about the latter part of August 1996, the respondent discussed Sergeant Fursa's claim with Mr. Sinnickson and Frank Rothman, another attorney who was also representing Mr. Mason.

13. On or about September 4, 1996, the respondent had a telephone conversation with Mr. Sinnickson in which the respondent demanded $100,000 to settle Sergeant Fursa's civil claim.

14. In support of his demand, the respondent indicated that Sergeant Fursa sustained a rather serious injury to his right shoulder which kept him from working for more than seven weeks and which continued to require medical attention and physical therapy several times a week.

15. By a letter dated September 4, 1996, the respondent confirmed the substance of the aforementioned telephone conversation and requested that Mr. Sinnickson contact him before Mr. Mason's next court appearance, which was scheduled for October 11, 1996.

16. On or about September 5, 1996, the respondent had a telephone conversation with Mr. Rothman.

17. During that conversation, the respondent indicated that once Sergeant Fursa received a proposed $100,000 payment, they would attempt to have the criminal charges against Mr. Mason dismissed.

18. On or about September 6, 1996, the respondent had another telephone conversation with Mr. Rothman.

19. During that conversation, the respondent indicated that, once Sergeant Fursa received the proposed $100,000 payment, he would, pursuant to the respondent's instructions, give false and misleading testimony concerning the nature and extent of his injuries if called to testify before the Grand Jury.

20. At Mr. Rothman's request, the respondent conferenced the call with Sergeant Fursa.

21. During the ensuing conference call, the respondent and Sergeant Fursa indicated to Mr. Rothman that, in exchange for the proposed $100,000 payment, Sergeant Fursa would, if necessary, give to the Grand Jury and to Edward Gilbert, the Assistant District Attorney assigned to prosecute the Mason case, false and misleading information about the nature and extent of his injury and Mr. Mason's criminal intent.

22. Tape recordings of the September 5th and 6th telephone conversations were furnished to the New York County District Attorney's office by Mr. Rothman.

23. The District Attorney's office determined, based on the tape-recorded conversations, that the case against Mr. Mason was undermined by the statements of the respondent and Sergeant Fursa.

24. As a result, the matter was not presented to the Grand Jury, and Anthony Mason was allowed to plead guilty to disorderly conduct, a violation.

Charge One alleges that based on factual allegations 1 through 7, the respondent engaged in conduct that is prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]) and 22 NYCRR 691.20 (a).

Charge Two alleges that based on factual allegations 1 through 6 and 8 through 21, the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Three alleges that based on factual allegations 1 through 6 and 8 through 21, the respondent engaged in conduct that is prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]).

Charge Four alleges that based on factual allegations 1 through 6 and 8 through 21, the respondent engaged in conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Charge Five alleges that based on factual allegations 1 through 6 and 8 through 21, the respondent knowingly counseled or assisted a client in conduct that he knew to be illegal or fraudulent, in violation of Code of Professional Responsibility DR 7-102 (A) (7) (22 NYCRR 1200.33 [a] [7]).

Charge Six alleges that based on factual allegations 1 through 6 and 8 through 21, the respondent presented, participated in presenting, or threatened to present criminal charges solely to obtain an advantage in a civil matter, in violation of Code of Professional Responsibility DR 7-105 (A) (22 NYCRR 1200.36 [a]).

Charge Seven alleges that based on factual allegations 1 through 6 and 8 through 24, the respondent engaged in conduct that is prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]).

Based on the respondent's admissions and the evidence adduced at the hearing, the Special Referee properly sustained all seven charges of professional misconduct against the respondent. The Grievance Committee's motion to confirm the Special Referee's report is, therefore, granted. The branch of the respondent's cross motion which is to confirm the Referee's report sustaining Charges One, Two, Three, Four, and Seven is granted, and the cross motion is otherwise denied.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider his previously unblemished record, his relatively short legal career and inexperience, the heavy emotional price that he has already paid, the character evidence introduced at the hearing and the Special Referee's findings with regard thereto, and his expressed remorse. He contends that, under the circumstances, the sanction imposed should be limited to a public censure.

Despite the mitigating factors upon which the respondent relies, the fact remains that the respondent's misconduct goes to the heart of the judicial system. He is, therefore, disbarred.

MANGANO, P. J., BRACKEN, S. MILLER, O'BRIEN and THOMPSON, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the branch of the respondent's cross motion which is to confirm the Referee's report insofar as it sustains Charges One, Two, Three, Four, and Seven is granted, and the cross motion is otherwise denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Sean Geoghan, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Sean Geoghan is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.